09-1674-cv
*Hall v. Kodak Retirement Income Plan*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:

        JOHN M. WALKER, JR.,
        CHESTER J. STRAUB,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges* .

---

PEGGY A. HALL,

    *Plaintiff-Appellant*,

   -v.-                               No. 09-1674-cv

KODAK RETIREMENT INCOME PLAN, KODAK RETIREMENT INCOME PLAN COMMITTEE, and TRUSTEES OF THE KODAK RETIREMENT INCOME PLAN,

    *Defendants-Appellees*.

---

R. SCOTT DELUCA, Schrader, Israely, DeLuca & Waters LLP (Williamsville, NY), *for Plaintiff-Appellant*.

MARGARET A. CLEMENS, Littler Mendelson P.C. (Rochester, NY), for *Defendants-Appellee*s.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Peggy A. Hall appeals from the March 23, 2009 judgment of the United States District Court for the Western District of New York (Telesca, *J.*) dismissing in its entirety Hall's complaint against Defendants-Appellees the Kodak Retirement Income Plan, the Kodak Retirement Income Plan Committee, and the Trustees of the Kodak Retirement Income Plan (collectively "the Plan" or "Defendants"). Plaintiff's husband, William D. Hall, was an employee of Eastman Kodak Co. until his retirement in 1992.[1] Hall claims that at the time of her husband's retirement, Defendants failed to provide him with the appropriate notification required by the Plan's terms of the full range of methods he could elect for the payment of retirement benefits. This resulted in his failure to designate Plaintiff as a Contingent Annuitant entitled to an annuity after his death. Plaintiff brought claims against the Plan for benefits allegedly due to her under the Plan and for declaratory relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as well as for breach of fiduciary duty for the Defendants' failure to provide adequate notice to William Hall in 1992. Plaintiff here appeals the district court's dismissal of the fiduciary duty claim, brought under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and the district court's award

---

[1] Plaintiff herself was also an Eastman Kodak employee.

of summary judgment in favor of Defendants on her claims for benefits and declaratory relief, brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). We assume the parties' familiarity with the remaining facts, procedural history, and specification of issues for review.

I. Hall's Claim for Benefits and Declaratory Relief

We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor. *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 109 (2d Cir. 2003). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Normally, when an ERISA plan grants the plan administrator discretionary authority to determine eligibility for benefits, we review the administrator's decision to deny such benefits under an "arbitrary-and-capricious" standard. *Pepe v. Newspaper & Mail Deliveries'-Publishers' Pension Fund*, 559 F.3d 140, 146 (2d Cir. 2009). "Under this highly deferential standard of review, this Court cannot substitute its own judgment for that of the Plan Administrator and will not overturn a decision to deny or terminate benefits unless it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Fuller v. J.P. Morgan Chase & Co.*, 423 F.3d 104, 107 (2d Cir. 2005) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)) (internal quotation marks omitted). Although it is clear that the Kodak plan vests the administrator with this discretion, it is not clear whether the "arbitrary and capricious" standard applies to the claims in this case, involving not an error by the Plan administrator in denying Hall benefits in 2006 but an alleged failure of disclosure fourteen years earlier. *Cf. Burke*, 336 F.3d at 110 (declining to decide whether "arbitrary and capricious" or de novo review applies to claim of inadequate notice in a Summary Plan Description (SPD)). We need not address this question,

3

however, because even under a more exacting de novo standard of review, Hall has not raised a material question of fact regarding her alleged entitlement to benefits or other relief under the Plan.

Plaintiff's declaration does not refute the clear evidence in the record that William Hall had ample notice both at the time of and after his retirement of his ability to designate Plaintiff as a Contingent Annuitant under the Plan, and of his ability to change the Straight Life Annuity election he made at his retirement in 1992. At the time of Hall's retirement, Plan participants were given a "Fact Sheet" which clearly indicated that Hall had the option of designating someone other than his then-spouse as his Contingent Annuitant, clearly explained the "Optional Joint and Survivor Annuity" option which would have allowed such a designation, and clearly explained that a Plan participant could change the method of benefits payments that he elected after retirement if he followed certain steps. Hall acknowledged receiving such a Fact Sheet at his May 1992 meeting with a Plan benefits counselor. Plaintiff points to no actual evidence in the record that would indicate that Hall did not receive the Fact Sheet that contained the information she alleges was withheld from him, and does not contest the Plan benefits counselor's declaration that the Fact Sheet in the record was the one "provided to plan participants" at the time of Hall's retirement. App. 280.

Furthermore, it is undisputed that the Halls received Kodak SPDs in 1995, 1998, and 2003, each of which provided detailed information regarding the options for receiving retirement benefits and the process required for Mr. Hall to change the election he had made in 1992, in order to make Plaintiff his Contingent Annuitant. Thus Mr. Hall had all the information necessary to designate Plaintiff as his annuitant at any time after 1995. *See Demirovic v. Bldg. Serv. 32 B-J Pension Fund*, 467 F.3d 208, 210 n.1 (2d Cir. 2006) (SPDs "will be an employee's primary source of information regarding employment benefits" (quoting *Hedgerd v. Olin Corp.*, 906 F.2d 903, 907 (2d Cir. 1990))).

4

"[I]t would be unfair to hold the employer liable when a claimant fails to adhere to a known plan requirement through procrastination, indecision, or the like." *Weinreb v. Hosp. for Joint Diseases Othopaedic Inst.*, 404 F.3d 167, 172 (2d Cir. 2005) (internal quotation marks omitted). The district court therefore did not err in concluding that there is no material question of fact regarding Hall's entitlement to benefits or other rights under the Plan, and therefore the district court's award of summary judgment to the Defendants on those claims was correct.

## II. Breach of Fiduciary Duty Claim

We review the district court's decision to dismiss a claim under Rule 12(b)(6) de novo, accepting all factual statements made in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A participant, beneficiary, or fiduciary may bring a civil action under ERISA § 502(a)(3), but the relief they may seek is limited either to injunctive relief against "any act or practice which violates any provision of this subchapter or the terms of the plan" or "other appropriate equitable relief" to redress such violations or to enforce any provision of ERISA or of the plan. 29 U.S.C. § 1132(a)(3). We conclude that Plaintiff's claim under this section is not for relief that is "appropriate *equitable* relief." To the extent Hall's claim is that she is entitled to an annuity pursuant to the terms of the Plan because Defendants failed to give her husband proper notification of his options in 1992, such relief is clearly legal rather than equitable and is therefore not available under § 502(a)(3). *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) ("A claim for money due and owing under a contract is quintessentially an action at law." (quoting *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) (internal quotation marks omitted))). As to Hall's assertion on appeal that she is seeking "instatement" into the plan as an annuitant, this theory of relief was not

5

presented to the district court, as the complaint only seeks "[a]ny and all appropriate equitable relief that is available to Plaintiff," without further specification. App. 27. Therefore we would normally treat the argument as waived. *See, e.g.*, *Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000). Moreover, such a claim for "unspecified" relief, where the gravamen of the complaint is a claim for damages and other monetary relief owing under a contractual obligation, is "insufficient to assert a proper equitable claim under § 502(a)(3)." *West v. AK Steel Corp.*, 484 F.3d 395, 403 (6th Cir. 2007). Without more, Plaintiff's claim seeking designation as an annuitant is in substance no more than a request for the annuity payments Plaintiff would have been due had her husband so designated her. Such suits "seeking . . . to compel the defendant[s] to pay a sum of money to the plaintiff are suits for 'money damages' . . . since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Great-West*, 534 U.S. at 210 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)) (internal quotation marks omitted).

We have considered Plaintiff's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk